UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

No. 20-CV-00131 (JFB);
No. 16-CR-00403-5 (JFB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 15 2021 ★
LONG ISLAND OFFICE

Elmer Alexander Lopez,

Petitioner,

Versus

United States of America,

Respondent.

**MEMORANDUM AND ORDER**
October 15, 2021

Joseph F. Bianco, Circuit Judge (sitting by designation):

Petitioner Elmer Alexander Lopez, *pro se*, moves to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. Following his indictment, Lopez pled guilty to one count of racketeering on March 26, 2018 and was subsequently sentenced to 300 months' imprisonment on December 18, 2018.

Lopez filed the instant petition on January 6, 2020, alleging that he received ineffective assistance of counsel when his lawyer failed to appeal his sentence after being asked to do so. (Petition at 5 (ECF No. 1255).) Lopez asks the Court for "an evidentiary hearing . . . regarding this matter," and, alternatively, asks the Court to grant him his "right to appeal [his] conviction and sentence" without a hearing. (*Id.* at 13.) For the reasons set forth below, Lopez's petition is denied in its entirety without an evidentiary hearing.

I. BACKGROUND

Lopez was arrested on October 18, 2016 and charged in a criminal complaint. (*See* Complaint at 1–2, 5 ¶ 4 (ECF. No. 1).) Lopez was alleged to be a member of the violent gang known as La Mara Salvatrucha ("MS-13"), and specifically a member of an MS-13 "clique" known as Centrales Locos Salvatruchas ("CLS"). (*See id.* at 5 ¶ 4.) Lopez was initially charged with attempted murder in aid of racketeering and discharging a firearm in connection with that attempted murder. (*See id.* at 1–2.) He was subsequently charged with additional crimes in a series of superseding indictments. (*See* ECF Nos. 32, 50, 129, 384.)

On March 26, 2018, Lopez pled guilty to a single count of racketeering in violation of 18 U.S.C. § 1962(c), as set forth in the Fourth Superseding Indictment. (ECF No. 384.) Pursuant to a plea agreement with the

1

government, Lopez pled guilty to participation in two particular racketeering acts—namely, (1) the June 3, 2016 murder of Jose Pena, and (2) the attempted murder of an individual believed to be a rival gang member. (*See* Plea Transcript (ECF No. 1581-1).) Lopez's plea agreement with the government contained a provision in which he agreed to waive the right to appeal any sentence "at or below 405 months' imprisonment," as well as the right to bring any petition under Section 2255. (*See* Plea Agreement at ¶ 4 (Dkt. No. 1581-2).) Furthermore, at the plea proceeding, the Court advised Lopez that he was waiving his "right to appeal [his] sentence itself to the extent [he had] not waived [his] right to appeal [his] plea sentence in [his] plea agreement with the government." (*See* Plea Tr. at 17, 19).)

On December 18, 2018, the Court sentenced Lopez to 300 months' imprisonment, followed by five years of supervised release. (*See* Judgment (ECF No. 810); Sentencing Transcript at 24 (ECF No. 1581-3).) The advisory range under the United States Sentencing Guidelines was 292 to 365 months' imprisonment, as agreed upon by the parties in the plea agreement. (Sentencing Tr. at 6–7.) The Court explained in detail how it arrived at the sentencing of 300 months' imprisonment after balancing all of the factors under 18 U.S.C. § 3553(a). (*See id.* at 23–31.) At the conclusion of the sentencing, the Court also specifically advised Lopez of his right to appeal an unlawful sentence "to the extent [he had] not waived [the] right to appeal in a plea agreement with the government." (*Id.* at 32–33.)

On January 6, 2020, Lopez filed the instant petition for relief pursuant to 28 U.S.C. § 2255. Lopez alleges that he received ineffective assistance of counsel because his lawyer failed to appeal his sentence after he was asked to do so. (Pet. at 5.) Specifically, Lopez filed a *pro se* petition pursuant to 28 U.S.C. § 2255 on January 6, 2020, in which he alleges that he "requested that [his] attorney file an appeal on [his] behalf" at his sentencing hearing, but that he was told he could not appeal. (*Id.*) He claims that, after the Court advised him of his right to appeal at his sentencing hearing, his attorney "promised to 'look into it'" and that his lawyer only promised to do so "in what now appears to be a tactic to get [Lopez] to quit[] at the time." (*Id.*) According to Lopez, he has not received any contact from his attorney regarding his appeal, nor has his family been able to reach him. (*Id.*) Lopez also claims that he "discovered through a jailhouse lawyer" that his lawyer has not filed an appeal in this case. (*Id.*)

In response to Lopez's Section 2255 petition, the government filed a letter on August 14, 2020, asking this Court to direct Lopez's attorneys to file declarations as to the underlying facts and seeking disclosure of any relevant information to resolving the Petition. (ECF No. 1457.) The Court entered such an order on September 14, 2020. (ECF No. 1477.)

Lopez's lawyers flatly deny his claims. A sworn declaration was submitted by Joshua L. Dratel, Lopez's court-appointed learned counsel,[1] in which he stated that he expressly raised with Lopez the issue of whether Lopez wished to appeal his sentence. (*See* Dratel Declaration, dated October 14, 2020, at ¶ 5 (ECF No. 1581-4).) Dratel recounts that he and Lopez spoke in a small room after his sentence was imposed, along with co-counsel Florian Miedel and an interpreter. (*Id.* at ¶ 4.) Specifically, Dratel states that "because [they]

---

[1] Dratel, as learned counsel, remained involved in Lopez's representation even after the government determined that it would not be seeking the death penalty as to Lopez.

had an interpreter available, and the rules provide only a 14-day period to file a Notice of Appeal, [he] pointed out to Mr. Lopez that he had the right to appeal his sentence." (*Id.* at ¶ 5.) Dratel "asked him whether he understood that he had received a sentence well below the applicable U.S. Sentencing Guidelines," which made it "highly unlikely, if not impossible, to win an appeal of the sentence," and noted the 14-day filing deadline for filing a Notice of Appeal. (*Id.*) After Lopez "confirmed that he understood" those facts, Dratel specifically "asked [Lopez] if he agreed that he did not want [his attorneys] to appeal his sentence." (*Id.*) According to Dratel, Lopez "agreed [they] should not appeal his sentence." (*Id.*) Florian Miedel,[2] who served as Lopez's court-appointed capital counsel, also completed a sworn declaration corroborating Dratel's version of events and specifically "recall[ed] Mr. Lopez agreeing that there was no basis for appeal and confirming that [they] would not appeal his sentence." (*See* Miedel Declaration, dated November 17, 2020, at ¶ 5 (ECF No. 1581-5).)[3]

The government filed a memorandum in opposition to the Section 2255 petition on December 22, 2020 along with the sworn declarations of Dratel and Miedel. (ECF No. 1581.) Lopez did not file a reply.

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255(a), an incarcerated defendant "may move the court which imposed [his or her] sentence to vacate, set aside, or correct the sentence" either because: (1) it "was imposed in violation of the Constitution or laws of the United States;" (2) the court lacked jurisdiction over the defendant; or (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see also Litwok v. United States*, No. 14-CV-4341 (JFB), 2016 WL 6892814, at *2 (E.D.N.Y. Nov. 23, 2016). Defendants typically have one year from the date of judgment to file a Section 2255(a) petition, subject to few exceptions. *See* 28 U.S.C. § 2255(f)(1)–(4).

Where a petitioner files a Section 2255 petition *pro se*, the Court construes the petitioner's claims liberally. *See United States v. Harrison*, 48 F. Supp. 3d 381, 384 (N.D.N.Y. 2014) (stating *pro se* petitions are construed liberally to "raise the strongest arguments that they suggest" (quoting *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001)); *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (noting a *pro se* complaint is to be "liberally construed in [the defendant's] favor"); *accord Kajtazi v. United States*, No. 17-cv-9301 (ALC), 2018 WL 3962932, at *3 (S.D.N.Y. Aug. 17, 2018).

A petitioner challenging his conviction on the ground of ineffective assistance of counsel "[bears] the burden of proving his claim." *Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001). With respect to the issue of an evidentiary hearing, Section 2255 states that

---

[2] In his petition, Lopez only identifies Florian Miedel as his attorney. (*See* Pet. at 11.) However, the text of the declarations in this case confirms that Dratel was the attorney who both asked Lopez about his interest in filing an appeal and served as counsel in Lopez's case, including participating in his sentencing proceeding. The Court thus analyzes Lopez's ineffective assistance of counsel claim as addressing the conduct of both Dratel and Miedel.

[3] Although both the Dratel and Miedel Declarations state that the 300-month sentence was below the advisory Guidelines range, the sentence was, in fact, *within* the advisory range (*i.e.*, 292 to 365 months) and the declarations, instead, appear to be attempting to reference the fact that the 300-month sentence was substantially below the high-end of the advisory range (*i.e.*, 365 months), and also well below the threshold for Lopez's waiver of his appellate rights (*i.e.*, 405 months).

3

"[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). Rule 4(b) of the Rules Governing Section 2255 Proceedings also provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Proceedings for the United States District Courts, Rule 4(b), 28 U.S.C. § 2255. On this issue, the Second Circuit has made clear that, "[t]o warrant a hearing on an ineffective assistance of counsel claim, the defendant need establish only that he has a 'plausible' claim of ineffective assistance of counsel, not that 'he will necessarily succeed on the claim.'" *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009) (quoting *Armienti v. United States*, 234 F.3d 820, 823 (2d Cir. 2000)).

The Second Circuit has set forth detailed guidance on how a district court should determine whether a hearing is necessary. *See id.* at 213–15. In particular, the Court explained that "when the judge that tried the underlying proceedings also presides over the Section 2255 motion, a less-than full-fledged evidentiary hearing may permissibly dispose of claims where the credibility assessment would inevitably be adverse to the petitioner." *Id.* at 214; *see also Chang*, 250 F.3d at 86 ("It was . . . within the district court's discretion to choose a middle road [*i.e.*, denying the Section 2255 motion based upon the detailed affidavit from trial counsel] that avoided the delay, the needless expenditure of judicial resources, the burden on trial counsel and the government, and perhaps the encouragement of other prisoners to make similar baseless claims that would have resulted from a full testimonial hearing. The district court reasonably decided that the testimony of Chang and his trial counsel would add little or nothing to the written submissions.").

### III. DISCUSSION

Lopez asserts that he received ineffective assistance of counsel in violation of the Sixth Amendment because his attorneys failed to file an appeal on his behalf, despite the fact that he asked them to do so. (Pet. at 5.) His attorneys dispute that factual allegation, and maintain that they specifically discussed the possibility of an appeal with Lopez and that he agreed not to appeal his sentence based on the unlikelihood of success. (*See* Dratel Decl. at ¶¶ 4–5; Miedel Decl. at ¶¶ 4–5.)

#### A. Legal Standard for Ineffective Assistance of Counsel

In *Strickland v. Washington*, the Supreme Court established a two-step framework for adjudicating ineffective assistance of counsel claims brought under the Sixth Amendment to the United States Constitution. *See generally* 466 U.S. 668 (1984). To establish ineffective assistance of counsel under *Strickland*, a petitioner must show: (1) that his or her lawyer "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) that counsel's errors resulted in prejudice. *Id.* at 687. In determining whether a lawyer's performance was deficient, courts consider whether the lawyer's performance "fell below an objective standard of reasonableness." *Id.* at 687–88; *see also Keiser v. New York*, 56 F.3d 16, 18 (2d Cir. 1995) (per curiam).

As relevant here, a petitioner can show ineffective assistance of counsel where his or her lawyer fails to file an appeal on his or her behalf in two ways. First, a lawyer renders

ineffective assistance of counsel if he or she fails to file an appeal on the client's behalf after being asked to do so. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). A petitioner need not demonstrate prejudice in such cases because failure to file the appeal is itself considered prejudicial, even without showing that the appeal would have had merit and even where a defendant has waived the right to appeal his or her sentence. *Id.*; *Campusano v. United States*, 442 F.3d 770, 777 (2d Cir. 2006); *see also Daragjati v. United States*, 598 F. App'x 50, 52 (2d Cir. 2015) (summary order).

Second, a petitioner can demonstrate ineffective assistance of counsel if his or her lawyer fails to ask a client if he or she wishes to appeal, if the circumstances indicate that the lawyer should do so. *Kajtazi*, 2018 WL 3962932, at *4. A lawyer "has a constitutionally imposed duty" to ask his or her client if he or she wishes to appeal "when there is reason to think either (1) that a rational defendant would want to appeal . . . , or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing," even if the lawyer has not already been asked to file an appeal. *Flores-Ortega*, 528 U.S. at 480. Whether a lawyer must ask if his or her client would be interested in an appeal depends on a variety of circumstances, "including whether the conviction followed a trial or a guilty plea, whether the defendant received the sentence bargained for as part of a plea, and whether the plea expressly reserved or waived some or all appeal rights." *Kajtazi*, 2018 WL 3962932, at *4 (quoting *Padin v. United States*, 521 F. App'x 36, 38 (2d Cir. 2013) (summary order)).

B. Analysis

After reviewing Lopez's petition and the sworn declarations of Dratel and Miedel, and based upon the Court's familiarity with the record as a whole, the evidence conclusively establishes that: (1) Lopez's attorneys discussed the issue of an appeal with him; and (2) Lopez did not instruct his attorneys to file an appeal, but rather he agreed that no such appeal should be filed. Moreover, the Court, in its discretion, determines that no evidentiary hearing on this issue is warranted.

Here, Lopez claims that the Court informed him of his right to appeal, that he "requested that [his] attorney file an appeal on [his] behalf," and that his attorney "promised to 'look into it.'" (Pet. at 5.) However, his attorneys both filed sworn declarations in which they categorically deny that Lopez asked them to appeal his case. (*See* Dratel Decl. at ¶ 5; Miedel Decl. at ¶ 5.) In that regard, Dratel stated that Lopez "agreed [they] should not appeal his sentence" after explicitly discussing the idea because he was unlikely to prevail after "receiv[ing] a sentence well below" the high-end of the recommended sentencing range set out in the Sentencing Guidelines. (Dratel Decl. at ¶ 5.) Miedel similarly stated in his declaration as follows: "I recall Mr. Lopez agreeing there was no basis for appeal and confirming that we would not appeal his sentence." (Miedel Decl. at ¶ 5.) Lopez has not presented any evidence other than self-serving allegations that he asked his attorneys to appeal his case and that his attorney promised to "look into" as part of a "tactic to get him to quit[] at the time." (Pet. at 5.) In fact, faced with these sworn statements from his counsel, Lopez did not even submit a reply addressing the substance of these declarations. Thus, Lopez has utterly failed to carry his burden of proving his claim that he instructed his attorneys to file an appeal.

Moreover, with respect to the obligation to consult with one's client about the possibility of an appeal, Lopez could not

5

prevail even if his lawyers had failed to ask him whether he wished to file an appeal because "a rational defendant would not want to file an appeal" in this case. *Kajtazi*, 2018 WL 3962932, at *4. The undisputed record shows that Lopez pled guilty pursuant to a written plea agreement in which Lopez expressly waived his right to appeal any sentence of less than 405 months' imprisonment, and that the parties agreed to an advisory Guidelines range of 292 to 365 months' imprisonment. (*See* Plea Agreement at ¶ 4; Sentencing Tr. at 6–7.) Lopez received a sentence of 300 months' imprisonment, which was both well within the agreed-upon advisory range and a sentence that was subject to Lopez's appellate waiver. (*See* Sentencing Tr. at 24.) In this case, Lopez's attorneys were not constitutionally required to ask him if he wished to appeal because a rational defendant likely would not wish to do so under the circumstances. *See, e.g., Padin*, 521 F. App'x at 38 (holding that an attorney had not rendered ineffective assistance of counsel by not consulting with the client about an appeal where the defendant had "entered a guilty plea, . . . received a sentence at the low end of the Guidelines range he agreed to, and . . . waived his right to appeal a sentence within or below that range"); *see also Kajtazi*, 2018 WL 3962932, at *1, 4 (holding that "a rational defendant in Kajtazi's case would not want to file an appeal" where he had pleaded guilty, "[h]is sentence was bargained for as part of the plea agreement," and he had waived his "right to file an appeal for a reduction or adjustment" as part of the plea agreement, notwithstanding the fact that he reserved "his right to bring a claim of ineffective counsel through a direct appeal or collateral challenge"); *United States v. Neal*, 27 F. Supp. 3d 302, 309 (N.D.N.Y. 2014) ("Here, Neal pleaded guilty pursuant to a plea agreement, waived his right to appeal or collaterally attack his sentence, and received

the statutory minimum sentence. In these circumstances, a rational defendant would be unlikely to seek an appeal."). Under these circumstances, the fact that Lopez's attorneys both credibly aver that they *still* asked him whether he wanted to appeal undermines any notion that Lopez received ineffective assistance of counsel. (*See* Dratel Decl. at ¶ 5; Miedel Decl. at ¶ 5.) Such careful consideration is consistent with defense counsels' zealous and professional representation of Lopez at each and every stage of this criminal case, including, *inter alia*, obtaining a mitigation specialist, negotiating a favorable plea, and filing a detailed 16-page sentencing memorandum on his behalf.

In short, given that the record has been supplemented with the declarations from defense counsel, the Court concludes that Lopez's generic statement that he instructed his counsel to file an appeal is implausible and completely lacking in credibility, and that a full-blown evidentiary hearing would "add little or nothing to the written [sworn statements]," *Foster v. United States*, 581 F. App'x 105, 106 (2d Cir. 2014) (summary order), because "the credibility assessment would inevitably be adverse to the petitioner," *Puglisi*, 586 F.3d at 214.

This Court's discretionary decision not to conduct an evidentiary hearing, under these particular circumstances, is supported by the Second Circuit's analysis in *Padin*. There, the Court held that it was not an abuse of discretion to deny an ineffective assistance of counsel motion under Section 2255, based upon an alleged failure to file a notice of appeal, without an evidentiary hearing. *Padin*, 521 F. App'x at 38. Specifically, the Court explained:

> In light of the detailed affidavit of defense counsel, the transcripts of

6

the proceedings, the district court's observations of Padin and his interactions with counsel, and the district court's careful factual analysis, we conclude that there was a sufficient evidentiary record to permit the district court to reject, without a full testimonial hearing, Padin's claim that he asked his counsel to file a notice of appeal on his behalf.

*Id.* As in *Padin*, a hearing is not required here in light of Dratel's and Miedel's sworn declarations and Lopez's bare, uncorroborated, and implausible allegations. The Court declines, in its discretion, to conduct a full testimonial hearing since the current record in this case is sufficient to resolve Lopez's implausible allegations regarding the desire to appeal (which were raised for the first time over one year after his sentence).

Numerous other courts under analogous circumstances have similarly concluded that no evidentiary hearing was warranted where there is a generic, self-serving claim of a failure to file a notice of appeal that is rebutted by counsel's sworn statement. *See, e.g.*, *Mercer v. United States*, No. 12-CR-0863 (LAP), 2020 WL 4892351, at *1 (S.D.N.Y. Aug. 20, 2020) (denying a hearing where the petitioner submitted only an unsworn petition and his attorney "submitted a sworn affidavit stating that he reviewed the appellate waiver provision with [petitioner] before the guilty plea and that [petitioner] never contacted him, let alone requested that he file a notice of appeal, after sentencing"); *United States v. Williams*, No. 14-cr-432 (BMC), 2020 WL 2523043, at *4 (E.D.N.Y., May 18, 2020) (concluding that relief and a hearing were not warranted where the "defendant's claim [was] a 'generic' one that can be (and often is) made in any case in which the defendant fails to file an appeal" (quoting *Chang*, 250 F.3d at 86)); *Kajtazi*, 2018 WL 3962932, at *4 (concluding, without a hearing, that there was insufficient evidence that a defendant asked his attorneys to appeal his case where the defendant "ha[d] not presented any evidence other than self-serving allegations" in response to defense counsel's affidavits); *United States v. Fernandez*, No. 12-CR-445 (JMF), 2016 WL 4735370, at *6 (S.D.N.Y. Sept. 12, 2016) (denying an ineffective assistance claim without a hearing where petitioner made a generic claim that was, *inter alia*, contradicted by defense counsel's affidavit (citing *Chang*, 250 F.3d at 86)); *Neal*, 27 F. Supp. 3d at 308–09 (holding that a defendant's claim was "without merit" where it was "bereft of any details, such as a date, location, or even the content of an alleged conversation to even support an inference that he ever gave [his attorney] the requisite 'specific instruction' to appeal"); *Rainford v. United States*, 648 F. Supp. 2d 476, 479–81 (E.D.N.Y. 2009) (rejecting a petitioner's claim of ineffective assistance counsel without a hearing where he "submitted practically nothing to support his claim" beyond a "conclusory affidavit," and where his attorney provided "a detailed affidavit addressing" discussions about the possibility of an appeal, together with a subsequent signed statement rejecting any intention to appeal).

In sum, the Court concludes that Lopez did not receive ineffective assistance of counsel.

IV.  CONCLUSION

For the reasons set forth above, Lopez has failed to demonstrate that he is entitled to relief under 28 U.S.C. § 2255. Accordingly, his petition is denied in its entirety. Because Lopez has failed to make a substantial

showing of a denial of a constitutional right, the Court will not issue a certificate of appealability under 28 U.S.C. § 2253. The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to Lopez and to close this case.

SO ORDERED.

/s/Joseph F. Bianco

JOSEPH F. BIANCO
United States Circuit Judge
(Sitting by Designation)

Dated: October 15, 2021
Central Islip, NY

\* \* \*

Petitioner proceeds *pro se*, Pollock U.S. Penitentiary, P.O. Box 2099, Pollock, LA 71467.

The government is represented by Assistant United States Attorney Justina Geraci, United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, Central Islip, NY 11722.

8